**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00296-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHARLES HEATH THOMPSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Charles Heath Thompson's ("Defendant") Motion to Dismiss Superseding Indictment. See Record Document 84. The Government opposes the motion. See Record Document 86.

Defendant submits two main arguments in support of his motion: (1) that the Government fails to allege or verify the exact dates and times that Defendant allegedly accessed the Playpen website in the superseding indictment; and (2) that the superseding indictment unduly prejudiced Defendant due to the Government's intentional delay in filing it. See Record Document 84-1 at 1–2. However, after review of the materials in the record, the Court rejects both of Defendant's arguments.

As to Defendant's first claim, cases within the Fifth Circuit have held that the prosecution is not required to prove the exact date alleged in the indictment but only that a date "reasonably near" it be established. See U.S. v. Valdez, 453 F.3d 252, 260 (5th Cir. 2006); see also U.S. v. Grapp, 653 F.2d 189, 195 (5th Cir. 1981). Here, notwithstanding Defendant's assertions to the contrary, the superseding indictment at issue clearly alleges specific dates with respect to each offense charged. Further, to the extent such dates are not "exact," the Court finds that the degree of specificity alleged in

the superseding indictment is sufficient under the aforementioned case law. Therefore, Defendant's first argument is without merit.

Regarding Defendant's second argument, the Court finds that the superseding indictment neither prejudiced Defendant nor was improperly filed against him. According to Fifth Circuit jurisprudence, a defendant seeking dismissal of an indictment for impermissible delay must show both that substantial prejudice resulted from the prosecution's delay in seeking an indictment and that the delay was intentional. See U.S. v. Gulley, 526 F.3d 809, 820 (5th Cir. 2008) (citing U.S. v. Crouch, 84 F.3d 1497, 1514 (5th Cir. 1996)).

In this case, the Court first notes that the superseding indictment was returned by the grand jury almost two months before the original trial date of October 28, 2019, a period of which is more than sufficient based on the amount of time the Fifth Circuit has allowed for superseding indictments in prior cases. See, e.g., U.S. v. Millet, 559 F.2d 253, 257–58 (5th Cir. 1977).[1] Further, a new trial date in this matter was recently set for December 16, 2019. See Record Document 90.

Additionally, it is clear from the record that Defendant was not prejudiced by the filing of the superseding indictment. First, the Court has already granted multiple motions to continue trial previously filed by Defendant, including his most recent motion to continue that was granted after the superseding indictment was filed. See Record Document 89. Furthermore, the additional counts in the superseding indictment are based on the same type of offenses in the original indictment, as well as the same evidence that

---

[1] The Court also notes that Defendant makes no showing that the Government's alleged delay in filing the superseding indictment was intentional.

was provided to Defendant through discovery. Therefore, Defendant's second argument is equally without merit.

Accordingly, based on the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss Superseding Indictment (Record Document 84) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of November, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT